**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jimmy R. JONES, Defendant–Appellant.**

**No. 94–3962.**

United States Court of Appeals,
Sixth Circuit.

Argued June 7, 1995.

Decided Aug. 25, 1995.

852

Phillip J. Tripi (argued and briefed), Office of U.S. Atty., Cleveland, OH, for U.S.

Donald Krosin (argued and briefed), Federal Public Defender's Office, Cleveland, OH, for Jones.

Before: MARTIN and SILER, Circuit Judges; JOINER, District Judge.*

SILER, J., delivered the opinion of the court, in which MARTIN, J., joined. JOINER, District Judge (pp. 854–55), delivered a separate opinion concurring in part and dissenting in part.

SILER, Circuit Judge.

Defendant, Jimmy R. Jones, was convicted of manufacture and possession of an unregistered destructive device. He appeals both the conviction and sentence. He alleges two points of error: (1) the district court's denial of his motion to suppress evidence found in two searches of his deceased wife's vehicle; and (2) the court's enhancement of his sentence based on the vulnerability of the victims. For reasons stated herein, the district court's denial of his motion to suppress is affirmed. His sentence, however, is remanded for recalculation, as enhancement under the vulnerable victim provision is inappropriate.

I.

Jones, an Ohio State Patrolman, and his wife were involved in an automobile accident on August 31, 1991, in which Jones's wife, Karen, apparently was killed. Police arriving on the scene began a fatal accident investigation, which included impounding the automobile. An autopsy revealed that Karen had been stabbed a number of times, and her death had been caused by a stab wound to the head. Jones was arrested on suspicion of murder.

Jones was interrogated, and, after waiving his Miranda rights, he admitted to having

* The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation.

stabbed Karen. He told police that the sheath of the knife he had used was in the car. He then executed a written consent to the search of the car. The initial search, conducted on September 2, revealed the sheath.

On September 3, Jones gave police a second written statement in which he confessed to having given a woman $300 to purchase a bomb to place in his wife's car. The statement was unclear as to whether the bomb was to be placed in the car already in police custody or in a second car. The police then gathered additional evidence of Jones's involvement in a scheme to use a car bomb to kill Karen. On September 11, the local police contacted the Bureau of Alcohol, Tobacco and Firearms ("ATF") to seek assistance in searching the automobile for a car bomb. On September 18, police searched the car and found wires attached to the tailpipe; these wires were determined to be part of an incendiary device. Police conducted a third search on October 1, with an ATF expert on car bombs present, and found two model rocket engines in the gas tank.

Jones was indicted on one count of possession of an unregistered destructive device in violation of 26 U.S.C. §§ 5861(d) and 5871 and one count of manufacture of an unregistered destructive device in violation of 26 U.S.C. §§ 5861(f) and 5871. He filed a motion to suppress the evidence of the car bomb found in the second and third searches of the automobile. The motion was denied. After a bench trial, Jones was convicted on both counts and sentenced to 120 months of imprisonment, to run concurrently with his state sentence for voluntary manslaughter, and three years of supervised release. His sentence included a two-level enhancement pursuant to USSG § 3A1.1, the vulnerable victim provision.

## II.

█ The searches were valid because Jones consented to them. His consent was not limited in scope or duration, and there is no evidence that he ever attempted to withdraw his consent to the officers' search of the vehicle. At the very least, his consent, his admissions regarding purchase of the car bomb, and his knowledge that the automobile was in lawful custody of the police indicate that Jones had no legitimate expectation of privacy in the automobile warranting Fourth Amendment protection. *See Rakas v. Illinois*, 439 U.S. 128, 148–49, 99 S.Ct. 421, 433, 58 L.Ed.2d 387 (1978) (to challenge constitutionality of a search, individual must demonstrate a legitimate expectation of privacy in the area to be searched). Although *Rakas* addressed whether an individual has an expectation of privacy in the home of another, the principle that the Fourth Amendment protects only an individual's objectively reasonable expectation of privacy is equally applicable to this case. Additionally, the seizure and subsequent search of the car were justified on the ground that the car was evidence or an instrumentality of a crime knowingly exposed to the public, and, as such, was subject to impounding by law enforcement agents with probable cause to believe that it could be used in Jones's trial. *See United States v. Shye*, 473 F.2d 1061, 1065 (6th Cir.1973).

## III.

█ However, the district court erred in enhancing Jones's sentence under the vulnerable victim provision, which states:

> If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels.

USSG § 3A1.1 (emphasis in original). Despite the "knew or should have known" language, enhancement under the vulnerable victim provision generally requires that the evidence show "that the defendant knew his victim was unusually vulnerable and that he perpetrated a crime on him *because he was vulnerable.*" *United States v. Smith*, 39 F.3d 119, 124 (6th Cir.1994) (emphasis added). *See also* USSG § 3A1.1, comment. (n. 1) (stating that "[t]his adjustment applies to offenses where an unusually vulnerable victim is *made a target of criminal activity by the defendant.*") (emphasis added).

■ The district court here applied the vulnerable victim enhancement simply because Jones knew or should have known that his children were frequent occupants of the car and, therefore, potential victims of the car bomb. The government argues on appeal that Jones chose to attempt to murder his wife by car bomb because of his children's vulnerability. The government contends that, "[d]ue to their young age ... and their lack of experience with operating automobiles, the children were far less likely than adults to discover the existence of the device [car bomb]" ... thereby allowing Jones "to conceal his crime."

The enhancement applies only if the defendant not only knew of the child, but also chose the child as a victim because of his vulnerability. Showing that Jones should have known that his children might be in the car falls short of proof that he chose his children as targets *because* of their vulnerability.

The judgment of conviction is **AFFIRMED**, but the case is **REMANDED** for recalculation of the sentence without enhancement under the vulnerable victim provision.

JOINER, District Judge, concurring in part and dissenting in part.

I concur in part I of the majority's opinion to the extent that it affirms the denial of Jones' motion to suppress based upon his consent to search,[1] consent that was open-ended and never revoked. The constitutionality of the search depends on whether it was objectively reasonable for the police to have believed that the consent extended from September 2 to October 1. *Florida v. Jimeno*, 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991) (search of container in car constitutional when it was objectively reasonable for police to believe that suspect's consent to search car extended to container). Given the factors identified by the majority, the police acted reasonably here. *United States v.*

*Dorsey*, 27 F.3d 285, 290 (7th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 949, 130 L.Ed.2d 892 (1995).

I part company with the majority with respect to its analysis of the vulnerable victim enhancement. But for the fortuitous circumstance that the fuel:air ratio was too high, the incendiary device Jones placed in the gas tank of his wife's car could have killed not only his wife, but also his three minor daughters (ages 3, 10 and 14) who, as Jones knew, were frequent passengers in that car. If Jones' bombing attempt had been successful when the children were in the car, there is no question but that they would have been victims of his offense.

The majority holds that Jones' base offense level cannot be enhanced under the vulnerable victim provision, following what it interprets to be the mandates of *United States v. Smith*, 39 F.3d 119, 122–25 (6th Cir.1994). In *Smith*, the court was required to decide whether the vulnerable victim enhancement was appropriately applied to a fraud defendant who targeted her victims from pirated computer lists of people who recently had made certain purchases. These lists revealed nothing about the purchasers' ages or infirmities, but it turned out that some of the people defrauded by the defendant were elderly, and that one had Parkinson's disease. There was no evidence that the defendant possessed this information at the time of the crime, however. This court held that application of the vulnerable victim enhancement was improper, explaining that the "purpose of the provision is not to punish defendants who perpetrate crimes on victims who are coincidentally vulnerable in some way." *Id.* at 124. Based on this view, the court concluded that the enhancement cannot be applied unless the evidence shows both that the defendant knew that his victim was unusually vulnerable, and that he perpetrated a crime on him because he was vulnerable. *Id.*

---

1. The search was not conducted as an inventory search. Moreover, the record does not reflect facts from which we can infer that the police had probable cause to search the car on the date that it was impounded, it appearing at that point that Jones' wife was a traffic accident victim, not a murder victim. Our disposition of the consent issue makes it unnecessary to decide if the search would have been constitutional absent consent, and I do not join in the majority's brief discussion of that issue.

This court follows the admirable rule that the decision of one panel binds all other panels. This rule does not apply to dicta, however,[2] and that is how I would construe *Smith*'s sweeping conclusion. *Smith* correctly observed that the guideline should not apply when the victim is coincidentally vulnerable, but it does not follow that coincidence is shown in every case in which the defendant is not demonstrated to have selected his victim because of the victim's vulnerability. The word "coincidence" connotes that two events occur simultaneously through mere chance, and not through a defendant's design, plan or other conduct which knowingly increases the likelihood that the events will occur. The operative fact in *Smith* was that the defendant did not know of her victims' vulnerability, and it truly was a coincidence that persons harmed by the defendant's fraud happened to be vulnerable. In a situation in which bomb is placed in a car and designed to ignite when the car is started or driven, the word coincidence might apply if the bomb ignites when the car happens to be near a school yard or a day care center. The word has no application to the situation presented here, where Jones placed the bomb in a car which his wife drove, and in which his children were frequent passengers.

The facts in this case present an entirely different situation than that presented in *Smith*. There the defendant lacked knowledge that some of her victims were elderly or infirm. Here, the defendant knew that vulnerable minor children were regularly transported in the car and might be victims of his bombing attempt. *Smith* properly requires that the vulnerable victim enhancement not be applied unless the defendant has knowledge of his victim's vulnerability. *Smith*'s additional requirement that the defendant have the "specific intent" to injure a vulnerable victim was unnecessary to the court's conclusion, and, as applied in this case, is erroneous.

Three innocent children, uninvolved in the personal conflict that drove Jones to homicide instead of divorce, were deemed by him

to be expendable. He knew they were vulnerable, and that they were potential victims of his offense. I therefore would affirm the district court's application of the vulnerable victim enhancement.

2. *United States v. Jenkins*, 4 F.3d 1338, 1345 n. 8 (6th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1547, 128 L.Ed.2d 197 (1994).